J. C. BRECKENRIDGE v. E. V. VERRIER.

(No. 5524.)

FRAUD.— *Held*, that where party contracted for horses at their actual cost, and settlement and note given, that if there was a mistake in price of horses that in suit on said note defendant was entitled to the difference.

APPEAL from Taylor county. Opinion by WATTS, J.

STATEMENT.— This was a suit brought on a note executed by the appellant to the order of appellee. Appellant set up by special plea that he and appellee had entered into an agreement for the purchase and sale of horses; that appellee becoming uneasy as to probable success of the venture, and claiming that appellant had induced him to enter therein, appellant agreed to take the horses which appellee had purchased and pay appellee the amount which he had paid for the horses, with interest; that appellee accepted this offer, and upon the representations of appellee that he had paid a certain amount for the horses appellant paid appellee a certain amount and gave him the note sued on,

which amounted to the sum stated by appellee; that the representations of appellee as to the value of the horses were false, fraudulent, and known by appellee to be so at the time, and were made by appellee for the purpose of deceiving appellant; that he relied on such representations as true, and had no means of ascertaining their falsity. The charge of the court made the relief sought by appellant to depend upon:

1. That the statements charged by appellant to have been made by appellee as to cost of horses must have been known by the appellee to be false at the time he made them.

2. That they were made to defraud.

3. That appellant relied on the statement and was induced thereby to sign the note.

4. That appellant was actually deceived by appellee's statements.

OPINION.— Held, the appellant was entitled to the benefits of the actual contract price agreed on for the purchase of the horses. If the price agreed on was the actual cost of the horses, plainly the defendant's right to an abatement of the amount of his note in case it was given on the mistaken representations as to the cost of the horses cannot be affected because at the time he made the representation he knew that it was false. It would be constructive fraud, nevertheless, on the defendant, against which he would be entitled to protection according to the terms of the sale. The representations as to what was the cost of the horses would amount to a warranty that the amount stated was the correct amount, and if it was not so the defendant would not be liable for the excess over the true amount of the actual cost. As the jury may have been misled to the appellant's injury by the charge, the judgment is reversed and the cause remanded.